(No. 5604. Decided August 2, 1905.)

C. H. GAFFNER, *Respondent,* v. J. W. R. JOHNSON, *Appellant.*[1]

APPEARANCE—SPECIAL—WAIVER. A special appearance to dismiss an action because of a defective service of summons is waived by a general appearance made without preserving the special appearance.

LIMITATION OF ACTIONS—ACCRUAL—BY MASTER AGAINST SERVANT FOR INDEMNITY—PAYMENT OF JUDGMENT. An action does not accrue in favor of a master against a servant on account of injury to a third person, caused by the servant's negligence, until the master has been compelled to pay the party injured, and under Bal. Code, § 4805, is not barred until two years thereafter.

COLLISION—NEGLIGENCE—EVIDENCE—SUFFICIENCY. The evidence is sufficient to sustain a finding that the master of a steamer was guilty of negligence in colliding with the steamer P, a rival boat, when it appeared that he was, at the time, in his pilot house with an unobstructed view of the P, which was running on a parallel course, two or three hundred feet in advance, that the water was smooth, and that under the rules of navigation the P had the right of way.

Appeal from a judgment of the superior court for King county, Griffin, J., entered December 10, 1904, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action brought by a master against his servant for indemnity. Affirmed.

*Frank P. Lewis,* for appellant.

*Baxter & Wilson* and *A. C. MacDonald,* for respondent.

MOUNT, C. J.—This action was brought by the respondent to recover from his servant certain damages which respondent had been compelled to pay on account of negligence of said servant. Respondent recovered a judgment in the court below, and the defendant appeals.

Respondent was the owner of the steamship Mary F. Perley, plying between Seattle and Port Orchard. Appellant was employed by the respondent as master of said vessel.

[1] Reported in 81 Pac. 859.

On November 21, 1899, the steamer Perley, while on her voyage from Seattle to Port Orchard, came into collision with, and damaged, the steamer Pilgrim, which was an opposition boat on the same route. It is charged by the complaint that the collision and damages were caused by the negligent and careless manner in which appellant navigated respondent's vessel. It is also charged that respondent was sued by the owner of the Pilgrim, and as a result of the suit a judgment was obtained against him on June 27, 1901, for the sum of $497, on account of the damages sustained by said Pilgrim, which amount respondent was required to, and did, pay. The answer of appellant denied that the collision occurred by reason of any carelessness or negligence on his part, and denied that a judgment was obtained against respondent therefor, and denied that respondent paid the same, and alleged affirmatively, (1) that the collision was caused solely by the negligence of the steamer Pilgrim, and (2) that the cause of action against appellant was barred by the statute of limitations. The cause was tried to the court without a jury, and findings were made in favor of the plaintiff, and a judgment was entered thereon for $497 and costs.

Appellant contends, first, that the court erred in denying a motion to dismiss the action because of a defective service of the summons. The record shows that appellant made a general appearance in the action, after the motion was denied, without preserving his special appearance. He therefore waived the special appearance. *Larsen v. Allan Line Steamship Co.,* 37 Wash. 555, 80 Pac. 181, and cases cited.

Appellant next contends that the action is barred because it was not commenced against him until more than three years after the date of the collision. The record shows that a judgment was obtained against the respondent by the owners of the Pilgrim, in June, 1901; that in December, 1902, respondent brought this action against the appellant. No cause of action accrued to the master, as against the servant,

until the master was compelled to pay the party injured by the act of the servant. 20 Am. & Eng. Ency. Law (2d ed.), 51, 52. The master thereafter had two years within which to bring the action. Bal. Code, § 4805. The action was well within that time.

Appellant insists that the evidence is not sufficient to sustain the judgment. After carefully reading the whole record which is filed here, we are of the opinion that the appellant could have avoided the collision; that it was his duty to have done so. The collision occurred in the day time, the weather was fine, the water smooth. The vessels had been running a parallel course, with the Pilgrim some two or three hundred feet in advance of the Perley, which was upon her starboard side. Under the rules of navigation, which also appear in the record, the Pilgrim had the right of way, and the Perley was bound to keep out of her way. The appellant was in the pilot house of the Perley, and he had an unobstructed view of the Pilgrim and her movements. We think the trial court was clearly justified, under these conditions, in finding that the appellant was negligent and careless in ramming the Pilgrim and causing her damage. The evidence is also clear to the effect that the respondent was required to, and did, pay the sum of $497 on account of the damages which the Pilgrim sustained by reason of the appellant's negligence.

There is no reversible error in the record. The judgment is therefore affirmed.

HADLEY, CROW, RUDKIN, and FULLERTON, JJ., concur.