[No. 30683. Department Two. January 6, 1949.]

ERIC WALSH, *Respondent*, v. PETER WOLFF, *Appellant*.[1]

*Henry J. Gorin,* for appellant.

*Monheimer, Schermer & Mifflin,* for respondent.

[1]Reported in 201 P. (2d) 215.

Schwellenbach, J.—This is an appeal from a judgment awarding damages against appellant for alienating the affections of respondent's wife.

Eric and Vollie Walsh were married at Juneau, Alaska, November 19, 1933. They lived there until 1935, when they moved to Seattle. He was a miner and was away from home, working, a portion of the time. Work was not plentiful, and they endured the hardships that most couples did during that period. On October 23, 1942, he was inducted into the army. After spending about eighteen months in camps in this country, he was shipped overseas to British West Africa.

They wrote to each other about once a week. The letters passing between them were friendly and loving and reflected the feelings of any normal couple who were separated because of the war. There was nothing in the wife's letters to indicate that she did not continue to love him or that she was not anxious for him to return home to her.

After peace was declared, and on September 5, 1945, just two days before he was to sail for home, he received a letter from her, stating that she no longer loved him and wanted a divorce.

Upon his return, he stayed for a while with her mother. He then learned that, during the time he had been away, she had become acquainted with the defendant while they were both working for the liquor board. She had gone out with Wolff, had been entertained at his house, and had stayed there at one time when she was taken sick. Her folks had tried to prevail upon her to cease her associations with the defendant.

The wife commenced action for divorce, and, upon a hearing thereon, the divorce was denied. The plaintiff then started this action, alleging that the defendant, through wile and blandishments, enticed his wife and influenced her improperly to transfer her affections to him; that, as a result, he was required to defend a divorce action at an expense of two hundred fifty dollars, and that the loss of the love and affection of his wife, damaged him in the sum of fifteen

thousand dollars. The trial court awarded him damages in the sum of two hundred dollars for defending the divorce action, and five hundred dollars general damages for loss of affections. This appeal follows.

█ We shall not detail the facts of this tragic affair, but shall merely state that the trial court was fully justified, from the evidence, in finding that the appellant enticed and improperly influenced the respondent's wife to transfer her affections from the respondent.

By supplemental answer to the complaint, appellant pleaded as follows:

"Defendant states that the Plaintiff is barred and stopped from prosecuting this action further by reason of the fact that the matters and things in controversy in the above entitled action were wholly settled and finally determined by reason of a Judgment entered in cause No. 366970 entitled Vollie Marguerite Walsh vs. Eric Walsh; said Judgment being signed by the Hon. J. T. Ronald and entered in said cause on the *3rd* day of *February*."

Appellant assigns as error that the court erred in not sustaining defendant's plea in bar on the grounds of *res judicata* or estoppel by judgment. One matter of defense in the divorce action was:

"That the reason she can no longer live with him as his wife is not through any acts of the Defendant, but through her continued association with a man of questionable character and reputation by the name of Herbert Peter Wolff, . . . That said Herbert Peter Wolff has influenced and persuaded her to no longer live with the Defendant."

In the divorce action, Judge Ronald found that the wife was not guilty of infidelity, but that she had failed to establish any grounds for divorce.

█ The doctrine of *res judicata* rests upon the ground that a matter which has been litigated, or on which there has been an opportunity to litigate, in a former action in a court of competent jurisdiction, should not be permitted to be litigated again. It puts an end to strife, produces certainty as to individual rights, and gives dignity and respect to judicial proceedings. 30 Am. Jur. 911, Judgments, § 165.

In *Northern Pac. R. Co. v. Snohomish County,* 101 Wash. 686, 172 Pac. 878, we approved the following rules:

"To make a judgment *res judicata* in a subsequent action there must be a concurrence of identity in four respects: (1) of subject-matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made."

Here there was not a concurrence of identity in any of the four respects. The prior case was a divorce action on statutory grounds. The pleading of the husband was a mere incident to his defense. Had the court been convinced of the truth of his allegation, it still could have granted the divorce if the wife had established grounds therefor. The appellant was not a party to that action. He had no right to examine or cross-examine witnesses in regard to that issue. Had the court found, in the divorce action, that the appellant had alienated the wife's affections, he would not have been precluded, in this action, from defending the charge. He had no day in court in the divorce action, and the judgment therein is not *res judicata* of the matter to be determined herein.

The judgment is affirmed.

MALLERY, C. J., ROBINSON, SIMPSON, and HILL, JJ., concur.