[No. 34608.   Department One.   June 16, 1958.]

*In the Matter of the Petition of the* CITY OF BELLINGHAM, *a
Municipal Corporation, for Authorization to Transfer
Certain Real Property.*

JOHN E. WESTFORD, *as Mayor of the City of Bellingham,
et al., Respondents,* v. RAYMOND F. CHAMBERLAIN,
*Appellant.*[1]

*Walter F. Fisher,* for appellant.

*Charles R. Olson,* for respondent.

[1] Reported in 326 P. (2d) 741.

FINLEY, J.—The governing bodies of the city of Bellingham and the county of Whatcom decided to construct a county-city health district building on property now owned by the city of Bellingham. In order to qualify for Federal aid in the financing of the structure, it was determined that title to the property had to be transferred to Whatcom county. The city council passed an ordinance authorizing the transfer, and the city and county entered into a contract.

Pursuant to Laws of 1953, chapter 133, § 1, pp. 253, 254 (cf. RCW 39.33.010), the city filed a petition in the superior court for a determination of the factual question—whether the land involved was (1) necessary to the needs of Whatcom county, or (2) surplus or excess to the future foreseeable needs of the city of Bellingham.

Raymond F. Chamberlain appeared at the hearing; he alleged that he was a resident taxpayer and a citizen of Bellingham, and he demurred to the petition. The trial court overruled the demurrer. Chamberlain then filed an answer, challenging the petition on its merits and alleging that RCW 39.33.010 is unconstitutional.

After the hearing, the trial court found the land in question to be surplus and excess to the future foreseeable needs of the city of Bellingham. It held RCW 39.33.010 to be constitutional and authorized transfer of the land on such terms as would be mutually agreeable to the city and county. Mr. Chamberlain has appealed.

In this court, respondent city has challenged appellant's standing to sue in this action. We think the challenge is well taken.

■ RCW 39.33 sets up no procedure for anyone to controvert the petition by demurrer or answer. Apparently, the statute only contemplates a hearing at which all interested parties can express an opinion and introduce pertinent evidence for or against the granting of the petition without the necessity of intervention by formal pleadings. We expressly withhold opinion on the constitutionality of RCW 39.33.010 until it is properly presented. The statute provides no right of appeal from the judgment of the superior

court. Since the right of appeal is purely statutory in non-criminal actions, appellant has no right of appeal unless he qualifies under some other section of the code. *All-Rite Contracting Co. v. Omey* (1947), 27 Wn. (2d) 898, 181 P. (2d) 636; *In re a Minor* (1951), 39 Wn. (2d) 744, 238 P. (2d) 914.

■ The only other statute brought to our attention as possible authorization for this appeal is the declaratory judgment act (RCW 7.24). Appellant has not complied with that act, however, in that he has not served the attorney general, as required by RCW 7.24.110. This requirement is jurisdictional. *Parr v. Seattle* (1938), 197 Wash. 53, 84 P. (2d) 375. Further, he has alleged no grounds which would entitle him to bring a declaratory judgment action. He neither alleged nor proved any general damage to the taxpayers; in fact, he made no attempt to prove how the transfer would adversely affect him, either as a taxpayer or otherwise. See *Heisey v. Port of Tacoma* (1940), 4 Wn. (2d) 76, 102 P. (2d) 258.

■ The only possibility of damage called to our attention in oral argument is the fact that he will be taxed to repay county bonds issued to finance the construction of the health district building. This is not sufficient, since he made no attempt to show that the county has no authority to undertake this project or to issue bonds therefor—nor did he attempt to show that the county could or would not buy other land and continue with the project, if it should not be able to obtain the land in question. In fact, the record reveals that appellant was attempting to establish only that *other city land* would have been more suitable for the health district building. The mere fact that a resident taxpayer and citizen disagrees with a discretionary decision of the city council provides no basis for a suit challenging the validity of the council's action.

The appeal should be dismissed. It is so ordered.

MALLERY, DONWORTH, and HUNTER, JJ., concur.

HILL, C. J. concurs in the result.

---

September 10, 1958. Petition for rehearing denied.