**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Plaintiff,**

v.

**SECURITY INDUSTRIES, INC., an Idaho Corporation, Defendant.**

**No. 198–73C3.**

United States District Court,
W. D. Washington.

Sept. 13, 1974.

F. Ross Burgess, Tacoma, Wash., for defendant.

Stanley J. Burkey, Burkey, Marsico, Rovai & McGoffin, Tacoma, Wash., for plaintiff.

## MEMORANDUM DECISION AND JUDGMENT

BOLDT, District Judge.

Jurisdiction is vested in this court pursuant to 28 U.S.C.A. § 1332(a)(1) by virtue of diversity of citizenship, plaintiff being an insurance company organized under the laws of the State of Kansas, and defendant being a corporation organized initially in the State of Idaho and now a citizen of the State of Delaware by merger into a Delaware corporation; the amount in controversy exceeds the sum of $10,000.00. Venue lies in this court pursuant to 28 U.S.C.A. § 1391(c) in that defendant was doing business in this judicial district at the time the cause of action arose.

This action, based on a theory of indemnity, is to recover attorney fees and investigation costs in connection with defense of a previous lawsuit before this court; namely Whitaker v. Security Industries, Inc., v. Hayhoe-Powell Chevrolet Co., Inc., No. 3995. That action involved a claim for damages for personal injuries resulting from a camper explosion occurring in this district. Defendant herein, Security Industries, was likewise defendant in the *Whitaker* action and also, as third party plaintiff therein, sued Hayhoe-Powell, which third par-

ty defendant was the insured of plaintiff herein, Universal Underwriters.

There are no disputed facts or issues of fact raised by the pretrial order entered herein on June 25, 1974. Three issues of law have been raised by the pretrial order for determination, which issues were tried by the court, sitting without a jury, on June 25, 1974:

I. Has the statute of limitations run on Universal Underwriters' action herein?

■ This two-pronged issue requires determination of first, which statute of limitations applies and secondly, when does the applicable statute of limitations begin to run. Plaintiff bases its claim upon the right to indemnity, and contends that the applicable statute of limitations is that for an action based upon contract or liability not in writing, which in Washington is a three year statute of limitation. RCW 4.16.080(3). On the other hand, defendant contends the applicable statute of limitations is RCW 4.16.130, the catch-all statute providing a two year limitation, and relies on the case of Gaffner v. Johnson, 39 Wash. 437, 81 P. 859 (1905). While *Gaffner* was an indemnity action, the reference to the statute of limitations there was for the purpose of determining when the statute began to run, and the court's mention of the two year statute is dictum only. Furthermore, the weight of authority today appears to be that the doctrine of indemnity arises from contract, whether implied or express. See, 41 Am.Jur.2d Indemnity, § 2; 42 C.J.S. Indemnity §§ 2, 21; "What Statute of Limitations Covers Actions for Indemnity," 57 A.L.R.3d 833. The Washington court has also held that where there is uncertainty as to which statute of limitations governs, the longer statute should be applied. Shew v. Coon Bay Loafers, Inc., 76 Wash.2d 40, 455 P.2d 359 (1969). For these reasons, this court is persuaded that Gaffner v. Johnson is not, and would not today be considered, authority for application of the two year statute of limitations to ac-

tions for indemnity. Therefore, this court finds and holds that the statute of limitations applicable to this action is the three year statute for implied contract not in writing, RCW 4.16.080(3).

■ Under Washington law, the statute of limitations begins to run on a claim for indemnity either from the time of payment or the entry of judgment for which indemnification is sought. Thomas v. Przbylski, 83 Wash. 2d 118, 516 P.2d 207 (1973). In this case, expenses for the various costs of investigation and defense were paid at different times, and it would appear arbitrary to select any one of these dates as the time from which the statute of limitations should run. A more logical point from which to determine accrual of the cause of action herein would be the entry of judgment in the *Whitaker* litigation, at which time Universal Underwriters' insured was absolved of liability. Cf., "When Statute of Limitations Commences to Run Against Claim for Contribution for Indemnity Based on Tort," 57 A.L.R.3d 867.

The complaint herein was filed November 2, 1973. Understanding of the dispute regarding commencement of the running of the statute of limitations requires a recital of certain events in the prior *Whitaker* case. In that case, the issue of liability was tried to a jury which rendered a special verdict on October 29, 1970, finding Security Industries solely liable for the injuries therein and finding the third-party defendant, Hayhoe-Powell, not negligent. On that day the court signed a "Judgment on Issue of Liability," which by its terms was not a final order from which an appeal could be taken. Security Industries moved for a new trial, which motion was denied by the court November 20, 1970; that day an "Amended Judgment on the Issue of Liability" was lodged, which was not signed and entered until March 25, 1971.

■ Until there was a final judgment relieving Hayhoe-Powell from liability on the third-party complaint in the *Whi-*

*taker* case, a claim by Universal Underwriters for indemnification was inchoate or contingent only. The October 29, 1970 "Judgment on Issue of Liability" by its very terms was not a final order. Even if the statute of limitations were deemed to run from that date, the filing of the motion for New Trial by Security Industries tolled the running of the statute until said motion was denied on November 20, 1970, which would be the earliest possible day from which the statute of limitations could run. It could well be argued that the statute did not begin to run until filing of the "Amended Judgment on the Issue of Liability" on March 25, 1971. Determination of this question is not required, however, since the complaint herein was filed November 2, 1973 which was less than three years after both the November 20, 1970 and March 25, 1971 dates. Therefore, the court finds and holds that the claim of Universal Underwriters is not barred by the statute of limitations.

II. Is Universal Underwriters estopped to bring this claim, and/or is the claim barred by Fed.Rule Civ.Proc. 13(a)?

■■ Rule 13(a) requires a defendant to set up as a defense a compulsory counterclaim. To be deemed compulsory, the counterclaim must be in actual existence, as distinguished from inchoate or potential existence, at the time the defendant answers the complaint. 3 Moore's Federal Practice, ¶ 13.14, p. 331. If the claim arises out of the bringing of the main action, it generally cannot be asserted either as a compulsory or permissive counterclaim, since such claim would be premature prior to determination of the main action, and therefore said claim would not be barred in a subsequent action. 3 Moore's Federal Practice, ¶ 13.13, p. 308. The claim herein to recover attorney fees and investigation costs, although it could have been contemplated at the time of the *Whitaker* action, had no existence until Universal Underwriters' insured was ab-

solved of liability to the third party plaintiff in the prior action. Until that time, any claim by Universal Underwriters for expenses of defense would have been merely speculative and premature. Allstate Insurance Co. v. Valdez, 29 F. R.D. 479 (D.C.Mich.1962). Of course third-party defendant Hayhoe-Powell would have had no counterclaim for these expenses, in any event, since the expenses were incurred by its insurer, Universal Underwriters.

■ Recognizing that plaintiff herein was the insurer of the third-party defendant in the *Whitaker* action, and that the third party complaint in *Whitaker* was for indemnity for tort liability damages, while this action is for indemnity of defense expenses based on implied contract, the doctrines of res judicata or collateral estoppel do not apply to bar this action by plaintiff because there is not concurrence of (1) subject matter, (2) cause of action, (3) persons and parties, and (4) quality of persons for or against whom the claim is made. Walsh v. Wolff, 32 Wash.2d 285, 201 P. 2d 215 (1949); Int'l Broth. of Pulp, Sulphite and Paper Mill Workers, AFL–CIO v. Delaney, 73 Wash.2d 956, 442 P. 2d 250 (1968).

III. Is Universal Underwriters entitled to indemnity from Security Industries for the costs and expenses incurred in defense of the Whitaker action?

■ The court recognizes that this is not the typical indemnification case where a party secondarily liable or passively negligent seeks to recover from the party primarily liable or actively negligent damages paid to an injured plaintiff. In the *Whitaker* action, in order to maintain diversity jurisdiction, the plaintiffs therein sued only Security Industries, the manufacturer of the product causing the injury. Had the Whitakers, residents of Washington, sued Hayhoe-Powell, a Washington company and dealer of the injurious product, as they were entitled to do, diversity jurisdiction would have been lost. If

instead the Whitakers had sued only Hayhoe-Powell, that dealer would have been entitled to indemnification from the manufacturer, Security Industries, for damages paid to plaintiffs and the expenses of defense. "Products Liability—Right to Indemnity," 28 A.L.R.3d 943. This court can see no valid reason why the instant suit should be precluded merely because of the unusual tactics instituted in the prior case to preserve diversity jurisdiction based upon the fortuitous citizenship of the two potential defendants. The court is persuaded that this action is sufficiently analogous to Koch v. Seattle, 9 Wash.App. 580, 513 P.2d 573 (1973) to entitle Universal Underwriters to recover from Security Industries the costs of investigation and attorney fees expended in defense of the third-party complaint in the *Whitaker* action. This court having entered a judgment based on the jury finding that Hayhoe-Powell was not negligent in the *Whitaker* action, and therefore not liable to Security Industries, Universal Underwriters would not have incurred the investigative costs and attorney fees expended in the prior suit but for Security Industries' sole and active negligence. Vincent v. Parkland Light and Power Co., 5 Wash.App. 684, 491 P.2d 692 (1971).

Now, therefore, upon the facts set forth in the pretrial order and for the reasons above stated, the court finds and holds, and

It is hereby ordered, adjudged and decreed:

That plaintiff Universal Underwriters shall have judgment against defendant Security Industries for the costs and expenses incurred by Universal Underwriters in defense of the *Whitaker* action in the amount of $16,095.19, as set forth in paragraph 2(b) of the pretrial order entered herein, together with interest from the date of entry hereof until satisfied, at the rate of six (6) percent as provided by law, together with plaintiff's costs and disbursements of suit to be taxed in accordance with court rule.