FILED
COURT OF APPEALS
DIVISION II

2013 DEC 31 AM 9: 16

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In re the Marriage of:

PATRICIA ALMOND,

          Respondent/Cross Appellant,

v.

ERIC ALMOND,

          Appellant/Cross Respondent.

No. 43543-8-II

UNPUBLISHED OPINION

PENOYAR, J. – Eric and Patricia Almond challenge the trial court's 2012 order granting Patricia[1] a judgment of $59,757.20 in unpaid child support and maintenance. Included in that judgment is a 2008 judgment from which the trial court subtracted unincurred daycare and preschool expenses and related interest. Eric argues that the trial court was required to reduce the 2008 judgment further to include only the interest on unpaid support dating from 2007 and that the prospective interest on the judgment must be similarly recalculated. Eric also argues that the trial court did not give him proper credit for the Thrift Savings Plan (TSP) funds he paid, and he requests an award of attorney fees in his reply brief based on Patricia's intransigence.

Patricia cross appeals, arguing that the trial court erred by (1) reducing the 2008 judgment by the amount of unincurred expenses, (2) failing to award her interest on the unpaid maintenance, and (3) denying her attorney fees based on Eric's intransigence. Patricia also

---

[1] We refer to the parties by their first names for clarity.

requests fees on appeal based on either her financial need or Eric's intransigence. We hold that the trial court properly recalculated the 2008 judgment and the interest due on that judgment as well as the unpaid maintenance. We affirm the trial court's decision to deny Patricia attorney fees, deny her request for fees on appeal, and decline to consider Eric's request for attorney fees because it was made for the first time in his reply brief.

## FACTS

When the parties entered a decree ending their eight-year marriage on April 30, 2007, the trial court entered judgments against Eric totaling more than $17,000. In calculating those judgments, the trial court gave Eric credit for a portion of his TSP account. The 2007 decree required Eric to pay maintenance of $1,000 for two years and child support of $967.66 per month, plus daycare and preschool expenses of $429.55 per month, for a monthly child support obligation of $1,397.21.

A few months later, Eric filed a pro se petition for modification of child support, seeking reimbursement for his payment to Patricia for daycare expenses that she had not actually incurred and additional relief. Patricia responded with a motion for contempt, arguing that Eric had failed to pay the court-ordered child support and maintenance. On January 8, 2008, the trial court dismissed Eric's petition due to his failure to show a substantial change in circumstances and awarded Patricia attorney fees. The trial court continued the contempt hearing to January 30 so that Eric could obtain counsel. When he failed to appear on January 30, the trial court issued a bench warrant for his arrest and reserved the issue of contempt for his appearance.

2

At the January 30 hearing, the court entered additional judgments for unpaid child support and maintenance that totaled $14,213.37. The new judgments were consolidated with those from the decree of dissolution for a principal balance owed of $31,911.50. Interest on the judgments was calculated as of December 31, 2007, in the sum of $1,825.52, and the court awarded Patricia additional attorney fees of $1,000. The court also awarded her a judgment for $4,038.98, which represented the unpaid portion of Eric's TSP funds.

In 2010, Eric filed a motion for adjustment of child support. In 2011, Patricia moved again to have Eric held in contempt. She also sought consolidation of the judgments against Eric, an update of the interest due on those judgments, and attorney fees.

The court declined to hold Eric in contempt and ordered the parties to complete mediation. After mediation failed, Eric requested attorney fees based on Patricia's intransigence as well as a judgment for unincurred expenses from April 2007 to the present. The court issued an order stating that the trial issues would include Eric's motion to adjust child support, his right to reimbursement of daycare and preschool expenses, and Patricia's issues regarding back child support/maintenance, costs and attorney fees, update of the interest calculation of the past judgments, and consolidation of all judgments.

Following a two-day trial in March 2012, the court issued an oral ruling acknowledging that the 2008 judgment was the law of the case. To make that judgment a "just resolution," however, the court reduced it by $3,463.40 to account for unincurred daycare and preschool expenses of $429.55 a month from May through December 2007. Clerk's Papers (CP) at 122. The court then added the prior awards for attorney fees and TSP funds, finding that Eric had not proven that the TSP award in the 2008 judgment was erroneous, and recalculated the 2008 judgment at $33,483.08. The court ordered that the $1,825.52 in interest awarded in 2008 should

3

be adjusted to reflect the removal of the unincurred expenses, but that the interest owing on the recalculated judgment since 2008 should then be added to it.

The trial court determined that Eric had not paid maintenance from January 2008 to April 2009, for a deficit of $16,000. The court also observed that child support for the 51 months between January 2008 and the present totaled $71,257.71, from which $21,907.05 in unincurred expenses should be subtracted. Eric had paid more than $58,000 in child support since 2008, which amounted to an overpayment of $8,249.55. The trial court applied that overpayment to the maintenance owed and declined to award interest for the unpaid maintenance because it was being collected along with the child support, though the court added that interest on the remaining balance would be collected prospectively.

The trial court denied each party's request for fees and costs, observing that Patricia had already been awarded $6,650 in fees and costs and that Eric was facing another substantial judgment. The court added that Patricia has limited income. The court directed the parties to do the remaining calculations and return with proposed orders, adding that "if there's any disagreement, you can bring it back to me." CP at 125.

At a subsequent hearing, Patricia submitted a proposed "Order and Judgment on Motion for Adjustment of Child Support, Reimbursement of Unincurred Day Care Expenses/Judgment for Maintenance/Clarification and Update of January 30, 2008 Order." CP at 34. Patricia noted that a potential issue might be the calculation of interest on the original 2008 judgment. She explained that she had not included in her calculation the amount of interest on the unpaid child support covered by the 2008 judgment. Her proposed order reduced the interest in the 2008 judgment to $1,775.84, listed the total principal judgment as $33,483.08, and calculated the accrued interest on that judgment from January 1, 2008, through March 31, 2012, at $17,076.37.

4

Patricia reached the accrued interest figure by calculating the amount of annual interest due and multiplying that amount by the number of years since the judgment. Patricia's order added that Eric also owed maintenance of over $7,000.

Eric argued that Patricia had improperly calculated the interest due on the unpaid support from 2007 to the present and that the total judgment against him totaled approximately $29,000, which was about $35,000 less than Patricia had calculated. Eric reached his figures by calculating the interest due on a monthly rather than annual basis, and he argued that Patricia's approach did not account for the payments he had actually made. Patricia responded that she had calculated the interest based on the court's findings regarding the judgments due. After agreeing to take another look at the interest figures, the trial court found that Patricia's proposed order reflected its oral ruling, but the court reduced the amount of maintenance owed to give Eric credit for mediation costs.

Eric appealed, and Patricia filed a cross appeal.

ANALYSIS

I.    CALCULATION OF 2012 JUDGMENT

Eric argues that the trial court did not go far enough in revising the 2008 judgment that was included in the 2012 judgment. He challenges the validity of the 2008 judgment and asserts that it incorrectly included interest on child support he had paid. Eric also argues that the 2008 judgment for the unpaid TSP funds is incorrect. Patricia argues that the trial court should not have revised the 2008 judgment at all and that the court also erred in failing to award her interest on the unpaid maintenance from 2008 and 2009.

We begin our review by observing that trial court decisions in dissolution proceedings will seldom be changed on appeal. *In re Marriage of Booth*, 114 Wn.2d 772, 776, 791 P.2d 519 (1990). Such decisions will be upheld unless they are manifestly unreasonable or based on untenable grounds. *In re Marriage of Landry*, 103 Wn.2d 807, 809, 699 P.2d 214 (1985).

The trial court reduced the 2008 judgment by $3,463.40 to account for Eric's payment of unincurred daycare and preschool expenses in 2007. The provisions of any decree regarding child support generally may be modified only as to installments accruing subsequent to a petition for modification or motion for adjustment. RCW 26.09.170(1); *See In re Marriage of Glass*, 67 Wn. App. 378, 388, 835 P.2d 1054 (1992) (neither child support nor maintenance can be modified retroactively). Money paid for past-due support serves to reimburse the custodian for monies actually expended, and accumulated child support judgments generally may not be retroactively modified. *Hartman v. Smith*, 100 Wn.2d 766, 768, 627 P.2d 176 (1984); *In re Marriage of Capetillo*, 85 Wn. App. 311, 316, 932 P.2d 691 (1997).

Patricia argues that the finality of the 2008 judgment is reinforced by the principle of res judicata, which precludes a party from bringing a claim that has been litigated or could have been litigated in a prior action. *Marino Prop. Co. v. Port Comm'rs of Port of Seattle*, 97 Wn.2d 307, 312, 644 P.2d 1181 (1982) (quoting *Walsh v. Wolff*, 32 Wn.2d 285, 287, 201 P.2d 215 (1949)). She points out that Eric did not appear at the hearing that resulted in the 2008 judgment and did not appeal that judgment or seek its clarification or modification under CR 59 or CR 60.

Eric responds that both equity and statutory law entitle him to the relief the trial court granted. In special circumstances, Washington courts will apply equitable principles to mitigate the harshness of claims for retrospective support if mitigation will not work an injustice to the custodian or the child. *Hartman*, 100 Wn.2d at 768-69; *Capetillo*, 85 Wn. App. at 316-17. In

6

addition, RCW 26.19.080(3) mandates that unincurred daycare expenses must be reimbursed if the overpayment amounts to at least 20 percent of the obligor's annual day care expenses. *In re Marriage of Barber*, 106 Wn. App. 390, 393-94, 23 P.3d 1106 (2001). Overpayment reimbursement claims properly brought and proved under RCW 26.19.080(3) are mandatory unless the claim itself is barred by equity. *Barber*, 106 Wn. App. at 395-96.

The trial court did not cite RCW 26.19.080(3) in reducing the 2008 judgment by the amount of unincurred expenses, but it stated that recalculation was required to make the 2008 judgment "a just resolution." CP at 122. Because this overpayment did not reimburse Patricia for sums actually paid, which is the point of payments for past-due support, we see no error in the trial court's corresponding reduction of the 2008 judgment. Had the trial court indicated that it was acting under RCW 26.19.080(3), the record would be clearer but in any case the result is the same and the result is appropriate.

Eric's assertion that the 2008 judgment must be completely recalculated, however, goes too far and comes too late. Eric waived the right to challenge the judgment by failing to appear at the 2008 hearing and by failing to appeal the resulting judgment. While he claims that judgment failed to account for payments he made before the judgment was entered, this claim should have been presented to the court at the January 2008 hearing. Consequently, we reject Eric's related argument that the trial court erred by calculating the interest due on the 2008 judgment. The trial court appropriately calculated the amount of the judgment and then appropriately calculated the interest due at the rate of 12 percent per year. *See* RCW 4.56.110(4) (judgments bear interest from date of entry at maximum rate permitted under RCW 19.52.020); RCW 19.52.020(1) (12 percent per annum is maximum rate).

Eric also contends that the judgment for TSP funds included in the 2008 judgment was erroneous. We reject this contention for several reasons. First, we note that the 2008 judgment is final in this respect. Second, we observe that the trial court found that Eric did not prove at trial that this amount was incorrect. On appeal, Eric's brief refers to his trial testimony to support his claim of error, but that testimony is not part of the appellate record. The record before us does not show that the trial court's decision rejecting Eric's challenge to the 2008 TSP judgment was manifestly unreasonable.

Finally, Patricia contends that the trial court erred by declining to award her interest on the unpaid maintenance from 2008 and 2009 up to the date of the court's decision in 2012. As the trial court recognized, interest was being collected on child support from 2008 even though Eric had overpaid that support, so the court declined to award Patricia interest on the unpaid maintenance. We do not see this decision as manifestly unreasonable.

## II. ATTORNEY FEES

Patricia argues that the trial court erred by denying her attorney fees based on Eric's intransigence, as demonstrated by his failure to abide by previous court-imposed judgments and payments.

We review a trial court's decision regarding attorney fees to determine whether it was manifestly unreasonable or clearly untenable. *In re Marriage of Crosetto*, 82 Wn. App. 545, 563, 918 P.2d 954 (1996). When determining whether to award attorney fees, the trial court generally must balance the needs of the spouse requesting them against the ability of the other spouse to pay. *Crosetto*, 82 Wn. App. at 563. The court also may consider the extent to which one spouse's intransigence caused the spouse seeking a fee award to require additional legal services. *In re Marriage of Morrow*, 53 Wn. App. 579, 590, 770 P.2d 197 (1989). If

8

intransigence is established, the financial resources of the spouse seeking fees are irrelevant. *Morrow*, 53 Wn. App. at 590.

Before trial, Patricia sought an award of attorney fees based on her contempt allegations against Eric. The trial court noted that Patricia had already received attorney fees in prior proceedings based on Eric's failure to adhere to court orders regarding his child support and maintenance obligations, and it declined to award Patricia additional fees. It appears that Patricia bears some responsibility for the failed mediation, and we do not view the trial court's refusal to award her fees for Eric's intransigence as manifestly unreasonable.

Patricia also requests attorney fees on appeal based on either RCW 26.09.140 or Eric's intransigence. RCW 26.09.140 provides that

> [t]he court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this [marital dissolution] chapter. . . .

Fees under RCW 26.09.140 are awarded, however, only when the requesting party files an affidavit of financial need no later than 10 days before a case is considered. RAP 18.1(c). Because Patricia has not filed any such affidavit, we decline to award her attorney fees under RCW 26.09.140. We also decline to award fees based on Eric's intransigence, as Patricia's cross appeal is the result of the trial court's calculations rather than any misconduct on Eric's part.

Eric also requests fees on appeal because of Patricia's intransigence. We deny this request because it is raised for the first time in his reply brief. *See Hawkins v. Diel*, 166 Wn. App. 1, 13 n.2, 269 P.3d 1049 (2011) (fee request must be raised in opening brief under RAP 18.1).

9

43543-8-II

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Hunt, J.

Worswick, C.J.