IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

LEONARD UMINA, )
) No. 75577-3-I
Appellant, )
)
v. ) ORDER DENYING APPELLANT'S
) MOTION FOR RECONSIDERATION
LUKE LUMINA, ) AND SUBSTITUTING A CORRECTED
) OPINION
Respondent. )

Appellant Leonard Umina filed a motion for reconsideration of the opinion filed in this matter on September 11, 2017. A majority of the panel has determined the motion should be denied.

NOW THEREFORE, IT IS HEREBY ORDERED the appellant's motion for reconsideration is denied, except to correct a misplaced name.

IT IS FURTHER ORDERED that the opinion filed on September 11, 2017 is withdrawn and substituted with a corrected opinion.

FOR THE COURT:

Presiding Judge

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| LEONARD UMINA, | ) | |
| | ) | No. 75577-3-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| LUKE LUMINA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: October 23, 2017 |

SPEARMAN, J. — Several legal and equitable doctrines serve to avoid inconsistency and protect the finality of judgments. Under the doctrine of res judicata, a party is barred from bringing a claim that was or could have been litigated in a previous action. The doctrine of judicial estoppel bars a party from gaining an advantage in a later proceeding by taking a position inconsistent with that he asserted in an earlier proceeding.

Leonard Umina appeals the dismissal of his petition under the trust and dispute resolution act (TEDRA), chapter 11.96A RCW. But his claims were or could have been litigated in previous actions. And the position Leonard[1] takes in his TEDRA petition is inconsistent with the position he asserted in a previous action. We affirm.

---

[1] We refer to members of the Umina family by their first names for ease of reference. We intend no disrespect.

FACTS

Luke Lumina[2] had four children: Leonard, Michael, Mary, and Kathryn. In the 1970s, Luke created the Equestrian Trust. He appointed himself trustee and his four children beneficiaries. Years later, Luke travelled abroad on a two year mission. Before departing, he made arrangements for his sons to manage his affairs. Luke amended the Equestrian Trust to add Leonard and Michael as co-trustees. He also created a new trust, the LMMK Trust, and appointed Leonard and Michael as co-trustees. In addition, Luke gave Leonard and Michael power of attorney.

When Luke returned from his mission, he discovered that Leonard had transferred property from the Equestrian Trust to the LMMK Trust and placed property belonging to the LMMK trust under his unilateral control. Luke eventually revoked Leonard's power of attorney, removed him as co-trustee of both trusts, and essentially removed him as a beneficiary of the Equestrian Trust.[3] Several lawsuits followed. In 2010, a California court entered judgment for $229,500 against Leonard for unjust enrichment.

In 2016, Leonard filed a TEDRA petition. He asserted that the 2010 judgment arose from his conduct as trustee of the Equestrian Trust and, under the terms of the trust, a trustee may not be held personally liable for his management of the trust. Leonard sought an order requiring the trust to satisfy

---

[2] Luke Lumina was formerly known as Anthony Umina.

[3] Leonard is to receive $10 from the trust after Luke's death. CP at 25.

the judgment and prohibiting enforcement of the judgment against his personal assets.

In answer, Luke primarily asserted that Leonard's action was barred as res judicata. He attached as exhibits the orders handed down in four previous actions. These orders provide a summary of the previous litigation.

In 2005, Luke, Michael, Mary, and Kathryn filed a California petition for an accounting, seeking a record of assets acquired by Leonard in his capacity as trustee of the LMMK Trust. Leonard responded with his own request for an accounting. Luke and Michael then filed a complaint against Leonard individually and as trustee of the LMMK Trust. The complaint asserted fraud, breach of fiduciary duty, unjust enrichment, and other claims. The California actions were consolidated.

Meanwhile, Leonard filed a Massachusetts suit against Michael individually and as trustee of the LMMK Trust and the Equestrian Trust.[4] Id. Luke responded by filing a Massachusetts complaint against Leonard individually and as trustee of the LMMK Trust and the Equestrian Trust. This complaint asserted claims of conversion, breach of contract, and breach of fiduciary duty. The Massachusetts complaints were consolidated.

In 2007, a California Superior Court ruled that the LMMK Trust never came into existence. In 2008, a jury found Leonard had been unjustly enriched

---

[4] The Massachusetts action included allegations concerning two other Umina family trusts that are not at issue here.

and awarded Luke damages of $229,500.[5] These rulings were affirmed on appeal. Luke filed a judgment lien against real estate held by Leonard.

The Massachusetts action was apparently stayed during the California action. Following the California court of appeals decision, the Massachusetts court granted Leonard's motion for summary judgment, ruling that Luke's claims could have been litigated in the California action and were thus barred. The court rejected Leonard's various counterclaims, including his claims that the Equestrian Trust was irrevocable and that the assets of the LMMK Trust should be distributed to Leonard and his siblings.

In 2015, Luke brought a fraudulent conveyance action against Leonard. He asserted that Leonard fraudulently transferred his interest in real property to his wife, Vicki, to shield the property from judgment. Leonard and Vicki denied transferring title in an effort to avoid the judgment lien. They also stipulated that the unjust enrichment judgment was a community debt and the real property at issue was subject to the judgment lien. Based on this stipulation, the court ruled that the property transfer failed to shield the property from judgment and Luke thus failed to show injury. The court dismissed Luke's claim.

Luke relied on these previous judgments to contend that Leonard's claim in the 2016 TEDRA petition was or could have been litigated in the series of previous litigation. He also asserted that Leonard was judicially estopped from

---

[5] The jury also found in favor of Luke on his other claims, but the court granted Leonard's motion for a new trial on these. The second jury returned a verdict for Leonard.

4

disclaiming liability for the judgment in this action because, in the fraudulent conveyance action, he stipulated that the judgment was a community debt.

Leonard objected that the previous rulings were inadmissible. He reiterated his assertions that the 2010 judgment was based on his conduct as trustee of the Equestrian Trust, the trust absolved trustees of personal liability for obligations incurred in connection with trust business, and the trust was thus liable for the judgment. Leonard asked the court to prohibit enforcement of the judgment against his personal assets and/or order the Trust to satisfy the judgment.

The trial court stated that the issue raised in Leonard's petition had been "very fully litigated" and dismissed the petition. Verbatim Report of Proceedings (VRP) at 6. Leonard appeals.

## DISCUSSION

As an initial matter, Leonard asserts that the trial court erred in considering the rulings from previous court actions. He argues that the rulings were inadmissible because they were not authenticated. He also cites to ER 104, 401, and 402, and thus appears to challenge the rulings as irrelevant.

We review evidentiary decisions for abuse of discretion. Univ. of Wash. Medical Center v. Dep't of Health, 164 Wn.2d 95, 104, 187 P.3d 243 (2008). Evidence is generally admissible if it is relevant. ER 402. The requirement of authentication is satisfied by evidence sufficient to support a finding that the evidence is what its proponent claims. ER 901(a).

5

In this case, the rulings from previous court actions are relevant to determine whether Leonard's claim has already been litigated and whether the claim is barred by judicial estoppel. The rulings bear court stamps or other indicia of authenticity. The trial court did not abuse its discretion in considering the exhibits.

Leonard next challenges the dismissal of his TEDRA petition. He asserts that his petition concerned interpretation of a trust provision, an issue that is expressly within the trial court's authority under TEDRA. Luke contends that the trial court properly dismissed the petition because several legal theories require that result. Because the trial court's decision appears to be based on res judicata, we first examine whether previous litigation precluded Leonard's petition.

Whether an action is barred by res judicata is a question of law that we review de novo. Ensley v. Pitcher, 152 Wn. App. 891, 899, 222 P.3d 99 (2009). The doctrine of res judicata bars a claim that was or could have been litigated in a previous action. Id. at 899 (citing Marino Prop. Co. v. Port Comm'rs, 97 Wn.2d 307, 312, 644 P.2d 1181 (1982)). The doctrine applies where the current and previous actions have the same (1) persons and parties; (2) causes of action; (3) subject matter; and (4) "'quality of the persons for or against whom the claim is made.'" Id. at 902 (quoting Landry v. Luscher, 95 Wn. App. 779, 783, 976 P.2d 1274 (1999)). Only the first and second elements appear to be in dispute.

Leonard contends that res judicata does not apply because the parties are not the same. He asserts that the Equestrian Trust is a party to the present action but was not a party in the 2010 dispute. This claim is without merit.

Leonard, Luke, Michael, Mary, and Kathryn are parties to Leonard's TEDRA petition and were parties in the previous litigation. The TEDRA petition also lists Dallas Jolley, a co-trustee of the Equestrian Trust, as a notice party. Jolley was not named in the previous litigation. But, his only interest in the dispute is as a co-trustee and that interest was adequately represented by the named parties. See Ensley, 152 Wn. App. at 902 (citing Kuhlman v. Thomas, 78 Wn. App. 115, 121, 897 P.2d 365 (1995)); Feature Realty, Inc., v. Kirkpatrick & Lockhart Preston Gates Ellis, LLP, 161 Wn.2d 214, 224, 164 P.3d 500 (2007). The parties are the same.

Leonard also asserts that his petition presents a novel issue. He thus appears to argue that the causes of action are not the same. This argument also fails.

To determine whether the causes of action are the same, we consider "(1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Ensley, 152 Wn. App. at 903 (quoting Pederson v. Potter, 103 Wn. App. 62, 72, 11 P3d 833 (2000)). Each of these factors weighs against Leonard.

7

The claims in this action and the previous litigation involve Leonard's alleged appropriation of trust property. The claims arise from the same "transactional nucleus of facts." Id. Leonard asserts here that the alleged appropriation arose from his conduct as trustee. To examine this claim, the court would have to consider the same evidence considered in the previous litigation. The current and previous litigation involve the same rights and responsibilities: the right to trust property and the liability for diminution of that property. The California judgment established a right for Luke to receive restitution in the amount that Leonard was unjustly enriched. This right would be impaired by the order Leonard seeks in this action. The causes of action are the same. And because Leonard makes no argument that the third and fourth elements are not met, we conclude that the claim in Leonard's TEDRA petition was or could have been litigated in the previous actions. The petition is barred as res judicata.[6]

Furthermore, even if Leonard had not already had opportunity to litigate his claim, his petition was barred by judicial estoppel. Judicial estoppel precludes a party from asserting a position in one proceeding and later seeking an advantage by taking a clearly inconsistent position. Miller v. Campbell, 164 Wn.2d 529, 539, 192 P.3d 352 (2008). The doctrine applies where (1) the party's later position is clearly inconsistent with his earlier position; (2) accepting the later position would create the perception that either the first or the second court

---

[6] Leonard contends that, if the trial court found Luke's res judicata argument persuasive, it should have ordered a further hearing on the matter. He asserts that his reply brief and argument at hearing were insufficient for him to be fully heard. This argument is without merit.

was misled; and (3) the party would derive an unfair advantage if not estopped. Id.

In the fraudulent conveyance action, Leonard stipulated that the judgment was a community debt and the real property at issue was subject to the judgment lien. In his TEDRA petition, Leonard seeks an order requiring the trust to satisfy the judgment and prohibiting enforcement against his personal assets. His later position is clearly inconsistent with his earlier position. Accepting his position in this action would create the perception that the court was misled in the previous action. And, having prevailed in the fraudulent conveyance action by stipulating to personal liability, Leonard would receive an unfair advantage if he were able to escape personal liability through his TEDRA petition. The petition is barred by judicial estoppel. Because the doctrines of res judicata and judicial estoppel both support the dismissal of Leonard's petition, we do not reach Luke's arguments concerning collateral estoppel and the full faith and credit clause.

Leonard also challenges the trial court's award of attorney fees to Luke. He contends that the trial court's order was unreasonable because he brought his petition in good faith. He also asserts that the fees awarded were excessive.[7]

The trial court may award reasonable attorney fees "as the court determines to be equitable." RCW 11.96A.150(1). We review an award of attorney fees for abuse of discretion. Brand v. Dep't of Labor & Indus., 139

---

[7] Leonard also asserts that Luke's motion for attorney fees was untimely. This argument is without merit. Luke requested attorney fees in his response to Leonard's TEDRA petition and the trial court's order dismissing the petition includes the grant of attorney fees to Luke.

Wn.2d 659, 665, 989 P.2d 1111 (1999). We will not reverse unless the award is manifestly unreasonable or based on untenable grounds. Id.

In this case, the trial court found that an award of reasonable attorney fees was appropriate because Leonard's petition was unreasonable. The court found that the fees were reasonable because they were based on necessary work performed at a customary rate. There was no abuse of discretion.

Affirmed.

WE CONCUR:

Spearman, J.

Dwyer, J.

Cox, J.