253 P.3d 108 (2011)
David L. MARTIN, a married man, as his separate estate, Appellant,
v.
William E. WILBERT, Loretta D. Wilbert, and their marital estate; Estate of William E. Wilbert, deceased, and Loretta D. Wilbert, its personal representative, Respondent,
ABC Corporations I through XXV, and XYZ Partnerships I through XXV, John and Jane Does I through L, and Western Bonding Co. a/k/a Western Surety Company, Defendants.
No. 64231-6-I.
Court of Appeals of Washington, Division 1.
May 31, 2011.
*109 Charles M. Cruikshank III, Seattle, WA, for Appellant.
G. Michael Zeno, Jr., Zeno Drake Bakalian PS, Kirkland, WA, for Respondent.
LAU, J.
¶ 1 A superior court's order closing an estate is a final judgment that precludes a litigant from bringing claims in a collateral action that could have been brought in the probate proceeding. We hold res judicata bars David L. Martin's claims against the Estate of William Wilbert because he attempts to relitigate claims and issues that were previously litigated or might have been litigated in prior actions. The order granting the Wilbert estate's summary judgment motion is affirmed.

FACTS
¶ 2 This is the seventh appeal relating to the administration of the estate of Jack DelGuzzi. See Martin v. Ellis, noted at 154 Wash.App. 1041, 2010 WL 599625; In re Estate of DelGuzzi, noted at 150 Wash.App. 1058, 2009 WL 1863892 (DelGuzzi IV); Shaw v. Short & Cressman, noted at 150 Wash.App. 1017, 2009 WL 1366272; In re Estate of DelGuzzi, noted at 108 Wash.App. 1003, 2001 WL 1001082 (DelGuzzi III); DelGuzzi v. Wilbert, noted at 105 Wash.App. 1004, 2001 WL 180995 (DelGuzzi II); In re Estate of DelGuzzi, noted at 93 Wash.App. 1048, 1999 WL 10081 (DelGuzzi I). These earlier opinions explain in detail the underlying Jack DelGuzzi probate proceeding and the various challenges made by Gary DelGuzzi and his successors to personal representative William Wilbert's administration of the estate.[1] On June 30, 2009, Division Two of this court affirmed the Clallam County Superior Court's 2007 closing order in the Jack DelGuzzi probate. See DelGuzzi IV, 150 Wash.App. 1058, 2009 WL 1863892, at *11.[2] We limit the discussion of the facts here to those necessary to explain the disposition of this case.
¶ 3 William Wilbert died on March 24, 2004, after serving as the estate of Jack DelGuzzi's personal representative from 1982 *110 until his death. Martin, 2010 WL 599625, at *1. David Martin briefly succeeded William[3] as the personal representative of the estate of Jack DelGuzzi. Margaret Shaw, as personal representative of the estate of Gary DelGuzzi, and Martin each filed a notice of creditor's claim in William Wilbert's probate in 2004, beginning the duplicate litigation now at issue on this appeal.[4] Loretta Wilbert, as personal representative of the William Wilbert estate, rejected the claims in 2006. Sidney Shaw, as then personal representative of the estate of Gary DelGuzzi, filed suit against the Wilbert estate in 2006, asserting the same wrongdoing by William in his capacity as personal representative of the Jack DelGuzzi estate, as Gary DelGuzzi had previously asserted in the Jack DelGuzzi probate commencing in 1994.[5] The 2006 case was transferred from Clallam County Superior Court to King County Superior Court, the venue for the Wilbert probate. Shaw's claims were later assigned to David Martin. Wilbert's estate filed a motion for summary judgment to dismiss all claims, which the trial court granted. Martin appeals the trial court's order granting the Wilbert estate's motion.[6]

ANALYSIS
¶ 4 Martin contends the now closed Jack DelGuzzi probate does not preclude him from asserting claims against Wilbert's estate. We disagree.
¶ 5 Whether an action is barred by res judicata is a question of law that the court reviews de novo. Lynn v. Dep't of Labor & Indus., 130 Wash.App. 829, 837, 125 P.3d 202 (2005). This court reviews an order on summary judgment de novo, performing the same inquiry as the trial court. Sheikh v. Choe, 156 Wash.2d 441, 447, 128 P.3d 574 (2006).
¶ 6 Under the doctrine of res judicata, no party may re-litigate "claims and issues that were litigated, or might have been litigated, in a prior action." Pederson v. Potter, 103 Wash.App. 62, 69, 11 P.3d 833 (2000). The doctrine "`puts an end to strife, produces certainty as to individual rights, and gives dignity and respect to judicial proceedings.'" Marino Prop. Co. v. Port Comm'rs, 97 Wash.2d 307, 312, 644 P.2d 1181 (1982) (quoting Walsh v. Wolff, 32 Wash.2d 285, 287, 201 P.2d 215 (1949)).
¶ 7 Res judicata applies "where a prior final judgment is identical to the challenged action in `(1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.'" Lynn, 130 Wash.App. at 836, 125 P.3d 202 (quoting Loveridge v. Fred Meyer, Inc., 125 Wash.2d 759, 763, 887 P.2d 898 (1995)). The doctrine applies to a collateral challenge to a judicial order closing an estate. Norris v. Norris, 95 Wash.2d 124, 131, 622 P.2d 816 (1980).
¶ 8 Each element necessary to apply the doctrine is satisfied.[7] First, the cases involve *111 the same subject matter. In 2005 and 2006 in the Jack DelGuzzi probate, the trial court in Clallam County Superior Court entered distribution orders on motion by personal representative Kathryn Ellis. After Ellis moved for the 2005 distribution order, Sidney Shaw objected, citing William's self-dealing and other misdeeds as personal representative. Shaw, as personal representative of the Gary DelGuzzi estate, sought a constructive trust based on William's malfeasance. Shaw also opposed the 2007 closing order, citing William's misdeeds. Martin, 2010 WL 599625, at *3. The trial court rejected Shaw's arguments. Martin's claim against Wilbert's estate asserts the same claims and issues litigated when the 2005, 2006, and 2007 orders were enteredthe various alleged misdeeds by William Wilbert as personal representative of the estate of Jack DelGuzzi. See DelGuzzi IV, 2009 WL 1863892, at *4-7.
¶ 9 Second, many of the causes of action here are identical to the claims and issues raised in the Jack DelGuzzi probate. And regardless of whether all the claims against Wilbert were raised in the DelGuzzi probate proceeding, Martin cites no valid reason why those claims could not have been raised in the probate proceeding before the 2005, 2006, or 2007 orders.[8] Division Two of this court previously concluded that its decision in DelGuzzi IV affirming these orders has preclusive effect over the "unresolved July 1996 action." DelGuzzi IV, at *11 n. 19.[9] And the 1996 action asserted the same conduct by William Wilbert that is at issue here.
¶ 10 Third, the two actions also involve the same parties or privies. When different parties in separate suits are in privity with one another, they are the same parties for res judicata purposes. Ensley v. Pitcher, 152 Wash.App. 891, 902, 222 P.3d 99 (2009). Privity denotes mutual or successive relationship to the same right or property. United States v. Deaconess Med. Ctr. Empire Health Serv., 140 Wash.2d 104, 111, 994 P.2d 830 (2000). Martin concedes this element.
¶ 11 The fourth element is related to the third and is also satisfied. For the persons for or against whom the claim is made to be of the same quality, the parties in the collateral action must be bound by the judgment in the prior proceeding. Ensley, 152 Wash.App. at 905, 222 P.3d 99. Under clearly established case law, Martin is bound by the 2007 closing order in the estate of *112 Jack DelGuzzi. The order discharged the probate of the estate. Martin's claims derive from the interests in Jack's estate that Gary's estate held and were assigned to Martin by Shaw. The nature of a probate proceeding makes the final order closing the estate binding as to all parties claiming an interest in the estate. "[O]rders and decrees of distribution made by superior courts in probate proceedings upon due notice provided by statute are final adjudications having the effect of judgments in rem and are conclusive and binding upon all the world as well." Ryan v. Plath, 18 Wash.2d 839, 857, 140 P.2d 968 (1943). Division Two of this court concluded that Ellis provided sufficient notice of the petition for distribution. Martin is therefore bound by the 2007 closing order.[10]

CONCLUSION
¶ 12 Since approximately 1992, attorney Charles Cruikshank has represented Gary, Gary's estate and Martin, in the Jack DelGuzzi probate litigation and the collateral attacks against the estate's personal representatives William Wilbert and Kathryn Ellis, William's family members, and attorneys.[11] Martin and his predecessors had a full and fair opportunity to litigate the claims against William Wilbert (and now his estate) in the Jack DelGuzzi probate. We conclude, as have two prior appellate decisions, that claims and issues stemming from the Jack DelGuzzi probate are barred by res judicata. We affirm the trial court's order granting summary judgment in favor of Wilbert's estate.
WE CONCUR: LEACH, A.C.J., and ELLINGTON, J.
NOTES
[1] This court may rely on unpublished opinions as evidence of the facts established in earlier proceedings in the same case or in a different case involving the same parties. Island County v. Mackie, 36 Wash.App. 385, 391 n. 3, 675 P.2d 607 (1984). This court may also consider unpublished opinions in examining issues such as the law of the case, collateral estoppel, and res judicata. State v. Sanchez, 74 Wash.App. 763, 765 n. 1, 875 P.2d 712 (1994).
[2] With respect to all actions taken before or in conjunction with a 2006 interim order, Division Two concluded that Sidney Shaw should have raised issues concerning those actions at appropriate earlier times and that he was time barred from raising them on appeal because of his and Gary's failure to appeal directly from the various challenged orders. See DelGuzzi IV, 2009 WL 1863892, at *8-*11. Further, this court noted that its decision had "a preclusive effect" on the unresolved issues contained in the litigation against William commenced in 1994. DelGuzzi IV, 2009 WL 1863892, at *11 n. 19.
[3] We use first names for clarity when necessary.
[4] Because Margaret (and later Sidney) Shaw were substituted for Gary DelGuzzi as plaintiffs and Loretta Wilbert was substituted for William as a defendant in the Jack DelGuzzi probate, this step was unnecessary. See Alexander v. Highfill, 18 Wash.2d 733, 140 P.2d 277 (1943) ("[I]n an action pending at the death of the defendant, the executor or administrator may be substituted by order of the court without a formal claim having been filed in the probate proceedings.").
[5] The latest iteration of the complaint in the 2006 case was filed on June 13, 2009. It alleges, among other things, the following wrongdoing by William as personal representative of the Jack DelGuzzi estate: self-dealing, failures to account, conversion, misstatements of assets and liabilities of the properties of estate of Jack DelGuzzi, use of estate assets for unauthorized business ventures, shielding of information from creditors, failure to disburse estate assets, failure to prepare a complete inventory and appraisement, failure to seek a refund of estate taxes (prolonging the administration of the estate), and embezzlement.
[6] Martin also appeals certain discovery orders in this case. But given our disposition of the res judicata issue, we do not address the discovery issues.
[7] The order closing the Jack DelGuzzi probate was a final judgment. See Martin, 2010 WL 599625, at *5; see also Batey v. Batey, 35 Wash.2d 791, 796, 215 P.2d 694 (1950) ("`[O]rders and decrees of distribution made by superior courts in probate proceedings upon due notice provided by statute are final adjudications having the effect of judgments in rem and are conclusive and binding upon all the world as well.'").
[8] Martin cites clerk's minutes and a 2007 letter, sent after the Jack DelGuzzi estate was closed, from Clallam County Superior Court Judge Costello to Judge Wood that states, "My belief is that the proceedings regarding the Estate of Gary DelGuzzi v. Wilbert is a different proceeding than the Estate of Jack DelGuzzi which I was assigned and therefore, it is appropriate for another judge to handle [the] lawsuit." Martin argues this letter shows that Judge Costello intended to exclude the tort claims asserted against Wilbert from his 2007 order closing the Jack DelGuzzi estate. We disagree.

Although the above documents are in the appellate record, Martin has not designated his summary judgment opposition brief as a part of the appellate record. The appellate record does contain declarations and exhibits filed in opposition to summary judgment but not the above-referenced documents. (The above-referenced documents were transferred from Clallam County to King County when a motion to transfer venue was granted.) "On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court. . . . ." RAP 9.12. And it is the appellant's responsibility to perfect the record. RAP 9.6.
But even if this court considered them, these documents demonstrate only that there was an additional proceeding filed that required disposition by a judge. The letter Martin cites is Judge Costello's response to an affidavit of recusal. It does not mean that the claims and issues were not actually litigated or could not have been litigated in the Jack DelGuzzi probate.
[9] Martin asserts, "The summary and analysis of the Complaint in Delguzzi IV's note 2 constitutes `law of the case,' which must be applied to the Wilbert summary judgment allegations. Division II saw no issue of pleading insufficiency in their analysis of the claims relating to the inadequacy of the pleadings or failure to state a claim and had no problem with summarizing the claims in the complaints and reducing them to their core elements. . . . Granting summary judgment on these CR 12 or `preclusive effect' grounds would require the trial court to impermissibly overrule the law of the case as stated in Delguzzi IV." Appellant's Br. at 33. But our disposition rests on res judicata grounds, not pleading insufficiency. And contrary to Martin's implied assertion that application of res judicata conflicts with DelGuzzi IV, the DelGuzzi IV court stated that its opinion "disposing of these issues has a preclusive effect on the unresolved July 1996 action." DelGuzzi IV, 2009 WL 1863892, at *11 n. 19.
[10] Given our disposition of the res judicata issue, we do not address collateral estoppel, statute of limitations, or laches.
[11] We note courts have assessed substantial attorney fees and costs as sanctions against Cruikshank and his clients several times for bringing frivolous suits in cases arising out of the Jack DelGuzzi probate. For example, this court affirmed $115,000 in fees, jointly and severally, against Martin and Cruikshank in Martin, 2010 WL 599625, at *4, *6, and *7, on the grounds that Martin's appeal was frivolous. And in Shaw, 2009 WL 1366272, this court affirmed the propriety of attorney fees and costs to defendants Short Cressman & Burgess, Chicoine & Hallett, and Johnson but vacated and remanded for findings and conclusions supporting the award. On remand, the trial court awarded attorney fees and costs totaling $440,338.92.