# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In re the Matter of the Personal Restraint of | No.  47698-3-II |
| NAAMAN JAMAL WASHINGTON, | |
| Petitioner. | |
| | UNPUBLISHED OPINION |

MELNICK, J. – Naaman Jamal Washington seeks relief from personal restraint imposed following his convictions of unlawful possession of a controlled substance with intent to deliver, unlawful possession of a controlled substance, and first degree unlawful possession of a firearm. In this timely petition, Washington asserts that (1) his trial counsel was ineffective for proposing an unwitting possession jury instruction with regard to his unlawful possession of a firearm charge, (2) his appellate counsel was ineffective for failing to challenge the unwitting possession instruction on direct appeal, and (3) the trial court erred by instructing the jury on the affirmative defense of unwitting possession.

We agree that trial counsel was ineffective for proposing an unwitting possession instruction for Washington's unlawful possession of a firearm charge and, thus, vacate that

conviction and remand for a new trial.[1]  Because Washington is entitled to a new trial for his first

degree unlawful possession of a firearm charge based on trial counsel's ineffective assistance, we

need not address his remaining claims.

FACTS

The following facts relevant to this petition were set forth in the unpublished opinion

from Washington's direct appeal.  *State v. Washington*, noted at 182 Wn. App. 1055 (2014).[2]

Washington was riding as a passenger in the front seat of a car driven by California Smith-Usher.

Washington State Patrol Trooper James Meldrum pulled the car over based on Smith-Usher's

suspended license.  After pulling the car over, Meldrum saw a bag filled with prepackaged

baggies of marijuana near Washington's feet.  Washington acknowledged to Meldrum that the

marijuana belonged to him but claimed that he was a designated provider for a medical

marijuana patient.  Meldrum arrested Washington and during a search incident to his arrest found

an unlabeled bottle containing hydrocodone pills in Washington's pocket.  Meldrum then

prepared Smith-Usher's car for impound.  After Smith-Usher's car was impounded, a tow truck

operator conducted an inventory of the car and found a handgun inside the locked glove box and

found a second handgun in the pocket of a jacket on the rear seat.

The State charged Washington with unlawful possession of a controlled substance with

intent to deliver (marijuana), unlawful possession of a controlled substance (hydrocodone), and

---

[1] Washington appears to challenge only his first degree unlawful possession of a firearm
conviction.  To the extent Washington challenges his other convictions, he fails to allege
prejudice justifying relief from those convictions.

[2] "This court may rely on unpublished opinions as evidence of the facts established in earlier
proceedings in the same case."  *Martin v. Wilbert*, 162 Wn. App. 90, 93 n.1, 253 P.3d 108
(2011).

two counts of first degree unlawful possession of a firearm. The trial court later dismissed one count of first degree unlawful possession of a firearm for the firearm found in the locked glove box.

Defense counsel proposed an unwitting possession jury instruction for Washington's remaining unlawful possession of a firearm charge that stated,

> A person is not guilty of possession of a Firearm if the possession is unwitting. Possession of a Firearm is unwitting if a person did not know that the Firearm was in his possession.
> The burden is on the defendant to prove by a preponderance of the evidence that the Firearm was possessed unwittingly. Preponderance of the evidence means that you must be persuaded, considering all of the evidence in the case, that it is more probably true than not true.

Br. of Resp't, App. C at 2. The trial court provided the jury with defense counsel's proposed unwitting possession instruction. The jury returned verdicts finding Washington guilty of unlawful possession of a controlled substance with intent to deliver, unlawful possession of a controlled substance, and first degree unlawful possession of a firearm.

Washington appealed his convictions but did not challenge his trial counsel's decision to propose an unwitting possession jury instruction. *Washington*, noted at 182 Wn. App. 1055. Division One of this court affirmed Washington's convictions and issued a mandate from his direct appeal on March 5, 2015. Washington timely filed this petition on June 18, 2015. RCW 10.73.090(3)(b).

ANALYSIS

Washington asserts that his trial counsel was ineffective for proposing an unwitting possession of a firearm jury instruction. We agree.

3

To obtain relief through a personal restraint petition, Washington must show either constitutional error that resulted in actual and substantial prejudice or nonconstitutional error that resulted in a complete miscarriage of justice. *In re Cook*, 114 Wn.2d 802, 810-13, 792 P.2d 506 (1990). Washington's claims of ineffective assistance of counsel implicate the constitutional error standard. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 672, 101 P.3d 1 (2004).

To succeed on a claim of constitutionally ineffective assistance, Washington must show both (1) that his counsel performed deficiently and (2) that such deficient performance prejudiced him. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 840, 280 P.3d 1102 (2012). There is a strong presumption that counsel is effective and to rebut this presumption Washington bears the heavy burden of "establishing the absence of any '*conceivable* legitimate tactic explaining counsel's performance.'" *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011) (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)).

To convict Washington of first degree unlawful possession of a firearm, the State bore the burden of proving beyond a reasonable doubt that he knowingly possessed the firearm found in a jacket on the back seat of Smith-Usher's car. *State v. Anderson*, 141 Wn.2d 357, 366, 5 P.3d 1247 (2000). Although the State had the burden of proving Washington's knowing possession of a firearm, Washington's trial counsel proposed a jury instruction that shifted the burden to the defense to prove by a preponderance that his possession of the firearm was unwitting.

In *State v. Carter*, 127 Wn. App 713, 716-18, 112 P.3d 561 (2005), Division Three of this Court held that defense counsel was ineffective for proposing an unwitting possession of a firearm jury instruction that was identical to the instruction proposed here. In so holding, the *Carter* court reasoned that defense counsel performed deficiently because no reasonable attorney

4

No. 47698-3-II

would have proposed an instruction erroneously shifting the burden of proof to the defense and that no legitimate trial tactic could justify such performance. 127 Wn. App. at 717. With regard to prejudice, the *Carter* court rejected the State's argument that the defendant failed to demonstrate prejudice in light of other instructions that properly informed the jury of the State's burden. 127 Wn. App. at 718. In rejecting the State's argument, the *Carter* court noted that the flawed unwitting possession instruction created an inconsistency in the instructions as a whole and that because "the inconsistency results from a clear misstatement of the law, the misstatement is presumed to have misled the jury in a manner prejudicial to the defendant." 127 Wn. App. at 718 (citing *State v. Wanrow*, 88 Wn.2d 221, 239, 559 P.2d 548 (1977)). Following *Carter*, we hold that Washington's trial counsel was ineffective for proposing this same unwitting possession of a firearm instruction. Accordingly, we grant Washington's petition and remand for a new trial on his first degree possession of a firearm charge.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MELNICK, J.

We concur:

WORSWICK, P.J.

SUTTON, J.