# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GABRIEL E. GOURDE and CHARBONNEAU D. GOURDE, | No. 49983-5-II |
| Appellants, | |
| v. | |
| ANN L. GANNAM, | ORDER GRANTING MOTION TO PUBLISH |
| Respondent. | |

Respondent, Ann L. Gannam, moves to publish the court's February 21, 2018 opinion.

The court has determined that the opinion in this matter satisfies the criteria for publication. It is

now

ORDERED that the motion to publish is granted and the opinion's final paragraph

reading:

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

is deleted. It is further

ORDERED that this opinion is published.

PANEL: Jj. Worswick, Bjorgen, Melnick.

FOR THE COURT:

_____
Melnick, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GABRIEL E. GOURDE and CHARBONNEAU D. GOURDE, | No. 49983-5-II |
| Appellants, | |
| v. | |
| ANN L. GANNAM, | UNPUBLISHED OPINION |
| Respondent. | |

MELNICK, J. — This case arises from a declaratory judgment action to interpret Daniel A. Gourde's will. Gabriel E. and Charbonneau D. Gourde, Daniel Gourde's sons, appeal from the trial court's order granting summary judgment to Ann L. Gannam, the personal representative (PR) of the estate.

We conclude that the trial court did not err by granting Gannam's summary judgment motion because the Gourdes' case is precluded by res judicata. We affirm.

FACTS

I.    DEATH AND PROBATE OF DANIEL GOURDE

Daniel A. Gourde died on June 10, 2014. In his will, he identified his two sons, Charbonneau D. Gourde and Gabriel E. Gourde,[1] and his stepson, Andrew L. Wilson, as family members. Daniel named Ann L. Gannam as his PR and directed that she have "full power and

---

[1] We refer to the Gourdes individually by their first names, and Charbonneau and Gabriel collectively as "the Gourdes" for clarity. We intend no disrespect.

authority to administer and distribute [his] estate in the manner herein provided without further court intervention." Clerk's Papers (CP) at 12.

Daniel's will bequeathed his real property to Gannam as follows:

> In the event that ANN L. GANNAN [sic] is residing in <u>my home</u> located at . . . Chapman Road, Castle Rock, Washington, at the time of my death, I bequeath to her the right to reside there at her expense. In lieu of rent, she shall pay all expenses of upkeep, property taxes, fire insurance, all utilities, repairs and routine maintenance, keeping the property in good condition, reasonable wear and tear expected.
> This bequest will terminate upon the death of ANN L. GANNAN [sic], or if she abandons the property for a period of six consecutive months, whichever first occurs.

CP at 10. In this section of the will, "my home" was underlined by hand and "the house" was handwritten above it. CP at 10. The will bequeathed the rest of the estate to be divided with 42.5 percent to each of Gabriel and Charbonneau and 15 percent to Wilson. Wilson accepted $17,400 from the Gourdes in exchange for his interest in the Chapman Road property. As a result, the Gourdes held the future interest in the property after the expiration of Gannam's life estate.

On June 20, 2014, the Cowlitz County Superior Court admitted Daniel's will to probate. The court appointed Gannam as the PR of the estate and listed Daniel's heirs as Gannam, Charbonneau, Gabriel, and Wilson. On June 25, 2015, Gannam filed a declaration of completion of probate, stating that the administration of Daniel's estate was complete.

On July 1, Gannam deeded the real property to herself by PR deed. The Gourdes then objected to the declaration of completion of probate. They argued that the deed conveying the property to Gannam failed to include the clause from the will providing that Gannam would lose her interest in the property if she abandoned it. They demanded "an accounting as authorized by RCW 11.68.110(2)." CP at 60. In a letter attached to their objection, they stated that they would withdraw their objection if Gannam would re-record the deed and include the language they

proposed. They also stated that they would "not contest anything further if the deed [was] re-recorded to reflect the language in the Will." CP at 72.

Gannam filed a "corrected personal representative deed" that mirrored the language of the original but added a clause providing for abandonment of the property. CP at 7. The corrected deed read:

> THE UNDERSIGNED GRANTOR, ANN L. GANNAM, the duly appointed and qualified Personal Representative of the Estate of DANIEL A. GOURDE, appointed by the Cowlitz County Superior Court in Probate Cause No. 14-4-00152-3, which Court entered an Order of Solvency dated June 20, 2014, being authorized to settle said estate without the intervention of any court, and not in her individual capacity, hereby GRANTS, CONVEYS and QUIT CLAIMS to ANN L. GANNAM, a single woman, for her lifetime or until she abandons the property, whichever is sooner, according to Article IV of the decedent's Last Will and Testament (a true and accurate copy of which is attached as Exhibit A hereto), then to CHARBONNEAU D. GOURDE and GABRIEL E. GOURDE, married men each to their separate estates, all of the decedent's interest in real property situate in Cowlitz County, Washington, and more particularly described as follows:
> [Metes and bounds of the property]
> SUBJECT TO and TOGETHER WITH easements, restrictions and reservations of record.

CP at 7.

II.    CURRENT DECLARATORY JUDGMENT ACTION

On May 24, 2016, the Gourdes filed a declaratory judgment action seeking a declaration of the respective parties' rights to the Chapman Road property. They alleged that the corrected PR deed was in conflict with the language of the will because Daniel had intended to bequeath only the right to reside in the *house* to Gannam, intending the remainder of the real estate to immediately pass to Gabriel and Charbonneau through the residual estate.

The parties filed cross motions for summary judgment. Gannam argued that the Gourdes' arguments were barred by res judicata, estoppel, and waiver.

4

The trial court denied the Gourdes' motion for summary judgment and granted Gannam's. The Gourdes appeal.

ANALYSIS

We review an order for summary judgment de novo, performing the same inquiry as the trial court. *Aba Sheikh v. Choe*, 156 Wn.2d 441, 447, 128 P.3d 574 (2006). In doing so, we draw "all inferences in favor of the nonmoving party." *U.S. Oil & Refining Co. v. Lee & Eastes Tank Lines, Inc*, 104 Wn. App. 823, 830, 16 P.3d 1278 (2001). "Summary judgment is proper if the record shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *U.S. Oil & Refining Co.*, 104 Wn. App. at 830.

I.    RES JUDICATA

Gannam contends that res judicata precludes the Gourdes' request for a declaratory judgment because "[t]he time to challenge the interpretation of the Will was during the administration of the estate—not eight months after the estate was closed." Br. of Resp't at 8. She argues that the Gourdes could have raised all these arguments during the probate and, because they did not, are now precluded from doing so in a separate action. We agree.

A.    LEGAL PRINCIPLES

"Under the doctrine of res judicata, no party may relitigate 'claims and issues that were litigated, or might have been litigated, in a prior action.'" *Martin v. Wilbert*, 162 Wn. App. 90, 94, 253 P.3d 108 (2011) (quoting *Pederson v. Potter*, 103 Wn. App. 62, 69, 11 P.3d 833 (2000)). The doctrine "'puts an end to strife, produces certainty as to individual rights, and gives dignity and respect to judicial proceedings.'" *Martin*, 162 Wn. App. at 94-95 (internal quotations omitted) (quoting *Marino Prop. Co. v. Port. Comm'rs*, 97 Wn.2d 307, 312, 644 P.2d 1181 (1982)).

"Whether an action is barred by res judicata is a question of law that the court reviews de novo." *Martin*, 162 Wn. App. at 94.

The "threshold requirement of res judicata is a final judgment on the merits in the prior suit." *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 865, 93 P.3d 108 (2004). The doctrine then applies "'where a prior final judgment is identical to the challenged action in (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.'" *Martin*, 162 Wn. App. at 95 (internal quotations omitted) (quoting *Lynn v. Dep't of Labor & Indus.*, 130 Wn. App. 829, 836, 125 P.3d 202 (2005)). Res judicata applies "'not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, *exercising reasonable diligence*, might have brought forward at that time.'" *Kelly-Hansen v. Kelly-Hansen*, 87 Wn. App. 320, 329, 941 P.2d 1108 (1997) (quoting *Golden v. McGill*, 3 Wn.2d 708, 720, 102 P.2d 219 (1940)).

B.    FINAL JUDGMENT

Gannam argues that the declaration of completion she filed as PR to Daniel's estate "became the equivalent of a final judicial decree" pursuant to RCW 11.68.110(2). Br. of Resp't at 9.

"A superior court's order closing an estate is a final judgment that precludes a litigant from bringing claims in a collateral action that could have been brought in the probate proceeding." *Martin*, 162 Wn. App. at 92. RCW 11.68.110(2) provides that a declaration of completion by a PR with nonintervention powers shall "be the equivalent of the entry of a decree of distribution . . . for all legal intents and purposes." However, a declaration of completion does not close the estate, discharge the PR, or have the effect of a decree of distribution if "an heir, devisee or legatee

6

has petitioned the court . . . for an accounting." *In re Estate of Ardell*, 96 Wn. App. 708, 714, 980 P.2d 771 (1999); RCW 11.68.110(2).

Gannam filed the declaration of completion and then distributed the estate, quitclaiming the Chapman Road property to herself. The Gourdes filed their objection to Gannam's declaration of completion within 30 days, as required by RCW 11.68.110(2). In their objection, they demanded an accounting, "as authorized by RCW 11.68.110(2)." CP at 60. Although RCW 11.68.110(2) can turn a declaration of completion of probate into the equivalent of a binding court order, it does not do so if an "heir, devisee, or legatee" of the decedent petitions the court for an "order requiring an accounting . . . within thirty days."

In a letter accompanying their objection to the declaration of completion of probate, the Gourdes stated that they would "not contest anything further if the deed is re-recorded to reflect the language in the Will."[2] CP at 72. Gannam acceded to their demand and re-recorded the deed including their requested language. The withdrawal of the Gourdes' objection thus resulted in Gannam's declaration of completion ending the probate and amounting to a final judgment in the probate of Daniel's will. RCW 11.68.110(2).

C.    SAME SUBJECT MATTER

Gannam argues that "[b]oth actions concern the administration of the decedent's Will" and that the Gourdes declaration judgment action is "essentially a continuation of the original probate action." Br. of Resp't at 11.

---

[2] By objecting to Gannam's original PR deed, the Gourdes acknowledged their understanding that they could challenge Gannam's actions as PR. By promising "not [to] contest anything further" if Gannam would add their proposed abandonment language, they effectively waived their other challenges to the PR deed. CP at 72.

Although a probate action is "ostensibly in rem, it may have res judicata effect in a later in personam tort action." *Hadley v. Cowan*, 60 Wn. App. 433, 440, 804 P.2d 1271 (1991). Further, "claims [that] are stated differently" may "nevertheless involve the same subject matter." *Kuhlman v. Thomas*, 78 Wn. App. 115, 124, 897 P.2d 365 (1995).

In *Martin*, the trial court in the first probate action had entered distribution orders of the estate on motion of the PR. 162 Wn. App. at 95. One of the heirs objected and the court ruled as to the "various alleged misdeeds" of the PR. *Martin*, 162 Wn. App. at 95. Res judicata precluded a later claim to part of the estate on the basis of the same "various alleged misdeeds" because they constituted the same subject matter. *Martin*, 162 Wn. App. at 95.

Here, the subject matter of the probate case and the present case concerns the appropriate distribution of Daniel's estate. The Gourdes do not challenge any part of Daniel's will; rather they seek interpretation of the PR deed that Gannam issued after the estate had closed. However, because the deed references Daniel's will, the present case would also require us to interpret provisions of the will. Both cases implicate the proper interpretation and resolution of Daniel's will and thus concern the same subject matter.

D.     SAME CAUSE OF ACTION

To determine whether the present case and a prior action involve the same cause of action for res judicata, we consider:

> (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Ensley v. Pitcher*, 152 Wn. App. 891, 903, 222 P.3d 99 (2009). These factors "are analytical tools; it is not necessary that all four factors be present to bar the claim." *Ensley*, 152 Wn. App. at 903.

8

The original probate proceeding determined the parties' respective rights to Daniel Gourde's property. Gannam's interest in the Chapman Road property, as established by the probate of Daniel's will, could be destroyed by the prosecution of this declaratory judgment action.

The "'substantially the same evidence' factor requires analysis of whether the evidence necessary to support each action is identical." *Ensley*, 152 Wn. App. at 903. In this case, the PR deed and Daniel's will are the only evidence to support the Gourdes' claim. These documents were both at the heart of the probate as well. Although the deed did not exist at the time Gannam filed the declaration of completion, the Gourdes evidently had notice of the deed because they challenged it on other grounds.

Both cases involve determining the parties' respective rights to the Chapman Road property and arise out of the same "transactional nucleus of facts," Daniel's death and the proper distribution of his estate.

The Gourdes attempt to distinguish the causes of action, arguing that the probate was "for the purpose of distributing the estate," and this case is "for the purpose of interpreting a Corrected Personal Representative Deed after distribution of the estate had taken place." Br. of Appellant at 14-15. Aside from failing to provide any citation or support, their argument ignores the factors we consider in determining whether two claims involve the same cause of action. If the Gourdes took issue with the deed, RCW 11.68.110(2) gave them the authority as heirs to challenge it during the probate, which they did regarding Gannam's exclusion of the abandonment clause.

Considering the *Ensley* factors, we conclude that the two cases involve the same cause of action.

E.    SAME PARTIES

Gannam contends that the parties in this case are all the heirs that were "parties" to the probate action. She concedes that a probate action does not have named parties, but contends that the Gourdes, as heirs to the estate, were "unquestionably interested parties" and "had the right to file motions and objections." Br. of Resp't at 12-13. The Gourdes argue that Gannam was not a party to the probate action, since she only participated in the probate in the capacity of PR.

A probate action *in rem* may nonetheless act as res judicata upon a later *in personam* proceeding because "the distinction between in rem and in personam may be somewhat artificial." *Hadley*, 60 Wn. App. at 440. Although "[a] probate proceeding for a final accounting names no one as defendant," notice of the proceeding "'brings interested parties to court, nonetheless.'" *Hadley*, 60 Wn. App. at 440 (quoting *Di Mauro v. Pavia*, 492 F. Supp. 1051, 1062 (D. Conn. 1979)). In *Hadley*, the court concluded that a tort action for wrongfully influencing a will was precluded because it had not been raised during the probate. 60 Wn. App. at 441-43. Like the parties in *Hadley*, the Gourdes were parties to the probate action in this case because they received notice of the probate as heirs.

For the persons to be "of the same quality, the parties in the collateral action must be bound by the judgment in the prior proceeding." *Martin*, 162 Wn. App. at 97. Additionally:

> The nature of a probate proceeding makes the final order closing the estate binding as to all parties claiming an interest in the estate. "[O]rders and decrees of distribution made by superior courts in probate proceedings upon due notice provided by statute are final adjudications having the effect of judgments *in rem* and are conclusive and binding upon all the world as well."

*Martin*, 162 Wn. App. at 97 (quoting *Ryan v. Plath*, 18 Wn.2d 839, 857, 140 P.2d 968 (1943)). Because the probate proceeding was binding "upon all the world," the parties to this case are bound by it. *Ryan*, 18 Wn.2d at 857.

Because the Gourdes' declaratory judgment claim is precluded by res judicata, we do not address the parties' remaining arguments.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for the public record in accordance with RCW 2.06.40, it is so ordered.

Melnick, J.

We concur:

Worswick, J.

Bjorgen, C.J.